IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK BANKS, Plaintiff,

v.

RONALD W. HAYWARD, Esq., DAVID S. SHRAGER, Esq., SHRAGER & SHRAGER, THE LAW OFFICES OF DAVID SHRAGER, Defendants.

Civil Action No. 06-1572
Judge Gary L. Lancaster/
Magistrate Judge Amy Reynolds Hay

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is recommended that, prior to service, the complaint be dismissed pursuant to the Prison Litigation Reform Act (PLRA), as frivolous and/or for failure to state a claim upon which relief can be granted.

II. REPORT

Frederick Banks (Plaintiff), a federal convict, is currently incarcerated at the FCI-Butner (Low) in North Carolina. He was previously convicted in this court in United States v. Banks, No. 03-CR-245 (W.D. Pa.). He is serving a sentence of sixty months for his convictions of seven counts of mail fraud, criminal copyright infringement, money laundering, uttering and possessing counterfeit or forged securities, and witness tampering. Named as defendants in the case at bar are the lawyers and their law firm(s) whom Plaintiff privately retained to represent him in

those criminal proceedings. Because he has previously filed a lawsuit against those identical defendants, this case is duplicative and hence, frivolous or malicious. Alternatively, this case is barred by res judicata. Alternatively, this case is barred by the Heck doctrine.

**A. Relevant Procedural History**

Plaintiff has filed a motion requesting to proceed in forma pauperis. That motion was granted.

**B. Applicable Legal Principles**

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case **at any time** if the court determines that- (A) the allegation of poverty is untrue; or (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(emphasis added). Here, Plaintiff has been granted IFP status, and was a prisoner at the time of initiating this suit and continues to be a prisoner within the meaning of 28 U.S.C. § 1915.[1] Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915(e). See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.") (some internal quotations omitted). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(in ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when

judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, dismissal is proper under Rule 12(b)(6) and hence, under Section 1915(e)(2)(B)(ii), where the court determines that the facts alleged, which are not contradicted by facts of which judicial notice may be had, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000).

**C. Discussion**

**1. Duplicative suits are frivolous or malicious**

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted).

Here, the instant complaint is clearly repetitious of another complaint that Plaintiff filed, of which this court takes judicial notice, namely, Frederick Banks v. Hayward, No. 06-509 (W.D. Pa complaint filed 4/28/2006)(hereinafter referred to as "Hayward I"). In Hayward I, the Plaintiff named as defendants, Ronald Hayward, David Shrager, Esq., and Shrager and Shrager, the law firm employing both Hayward and Shrager. In Hayward I, Plaintiff alleged that, contrary to what the defendants had told him, the defendants failed to retain and pay an investigator by the name of Barry Fox in order for him to locate a witness by the

name of Richard Hentosh. Plaintiff also alleged in Hayward I, that although he requested the Defendants to subpoena a witness from Microband Technology, and to subpoena two phone call records and a purchase receipt for the computer, they failed to do so. Plaintiff alleged in Hayward I that the Defendants violated his Sixth and Fifth Amendment rights. He also alleged that the Defendants owed him a duty of due care and that they breached this duty. Hayward I, at Doc. 4, ¶¶ 15-17.

Plaintiff has made these very same allegations in the present case. The Court finds the proposed complaint filed in the instant suit to be duplicative or repetitive of Hayward I,[2] and, therefore, malicious and/or frivolous. Hence, it should be dismissed as frivolous/malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**2. Res Judicata Bars this suit**

In the alternative, this case is barred by res judicata or claim preclusion.[3] The doctrine of res judicata provides that a

---

[2] While it is true that Plaintiff added to the instant suit as a defendant "the law offices of David Shrager" which was not named as such in Hayward I, and he also added to the instant suit a breach of contract claim, as well as ineffectiveness claims based on Batson and a sleeping juror and failure to file a motion to suppress certain evidence, none of which were contained in Hayward I, this does not change the conclusion that the instant case is duplicative or repetitious and hence malicious/frivolous.

[3] See, e.g., Baker v. Potter, 175 Fed.Appx. 759, 761 (7th Cir. 2006)("Baker's claim for breach of the settlement agreement is barred by claim preclusion, also called res judicata").

final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action. In re Weisbrod & Hess Corp., 129 F.2d 114 (3d Cir. 1942). As explained by the Court of Appeals, the federal law of res judicata or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006). In light of the purposes which res judicata serves, the doctrine not only bars relitigation in a second suit of what was actually litigated in the first suit but res judicata also bars relitigation of what could have been litigated in the first suit. See, e.g., Smith v. Morgan, 75 Fed.Appx. 505, 506 (6th Cir. 2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every

theory of recovery that could have been presented."); L-Tec Electronics Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir. 1999) (*per curiam*) ("The doctrine of res judicata, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits.").

We will first address the second prong of "same parties or their privies." The parties in Hayward I and the present suit are absolutely identical save for the addition of "the law offices of David Shrager" although, such a named defendant is clearly in privity with either David Shrager, Esq., or Shrager & Shrager, both of whom were named in Hayward I and in the present suit. In addition, Mr. Banks was the Plaintiff therein and herein. Hence, the second prong is met.

The first prong of "final judgment on the merits" is also met. In Hayward I, the report and recommendation recommended that the complaint be dismissed pursuant to the PLRA's IFP screening provision[4] for failure to state a claim against the Defendants because the attorney defendants did not act under

[4] The PLRA's IFP screening provision permitting dismissal of complaints for failure to state a claim is found at 28 U.S.C. § 1915(e)(2)(B)(ii).

color of state law[5] as explained in Polk County v. Dodson, 454 U.S. 312 (1981). Hayward I, Doc. 5. Over Plaintiff's objections, the District Court adopted the report and recommendation and ordered that "Plaintiff's Complaint is dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted[.]" Id., Doc. 12 at 1. A dismissal for failure to state a claim upon which relief can be granted under the PLRA screening provisions, constitutes a "final

---

5 One clarification should be made regarding the report in Hayward I. The report analyzed the Defendants' actions under 42 U.S.C. § 1983. In fact, because the defendants were representing Plaintiff in a federal court defending against a federal criminal charge, the correct jurisdictional basis would be Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) and not 42 U.S.C. § 1983. Curtis v. Barber, 833 F.2d 1011 (Table), 1987 WL 38884, *1 (6th Cir. 1987)(in a federal prisoner's civil rights suit against his privately retained attorney who represented him in a federal criminal trial, the court held that "[b]oth §§ 1983 and 1985 are inappropriate because of the absence of state action. Under a liberal construction, the facially correct cause of action is a *Bivens* suit. However, a *Bivens* action must fail because there is no federal action: privately retained counsel do not act under color of law."). The analysis and conclusion under either Bivens or Section 1983, is the same, attorneys representing or failing to adequately represent criminal defendants in criminal proceedings do not act under color of federal or state law as is required to state a claim under Bivens (federal law) or Section 1983 (state law). See, e.g., id.; Christian v. Crawford, 907 F.2d 808, 809 (8th Cir. 1990)("attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or *Bivens*"); Simmons v. Ayers, 878 F.2d 386 (Table), 1989 WL 71449, *1 (9th Cir. 1989) ("attorneys do not act under color of state or federal law when representing clients"). Hence, this reasoning provides yet one more basis upon which to dismiss Plaintiff's complaint for failure to state a claim, at least with respect to his federal claims.

judgment on the merits" for the purposes of res judicata. See, e.g., Cieszkowska v. Gray Line New York, 295 F.3d 204 (2d Cir. 2002)(giving res judicata effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the District Court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by res judicata"); Zochlinski v. University of California, 2005 WL 2417649, *6 (E.D. Cal. Sept. 7, 2005)("Since a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a judgment on the merits . . . the same is true of a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)."). Cf. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of res judicata).[6]

---

[6] The court notes that despite the clarity of the law, Plaintiff took an appeal in Hayward I to the Court of Appeals for the Third Circuit. The Appeals Court has submitted the appeal to a panel of that court for determination under 28 U.S.C. § 1915(e)(2) for a possible dismissal. Hayward I, Doc. 15. Notwithstanding the fact that this appeal is presently pending, the judgment of this court in Hayward I remains a "final" judgment for purposes of res judicata. Thurman v. General Mills Operations Inc., 2006 WL 3542333, *1 (9th Cir. Dec. 8, 2006) (unpublished) ("Second, the district court entered a final judgment on the merits on August 3, 2004. Although Thurman's appeal of that judgment is pending, it is a final judgment for purposes of res judicata."); Eichman v. Fotomat Corp., 759 F.2d 1434,

Lastly, taking up the third prong, the court finds this prong is met as well herein. The Court of Appeals has well explained this prong in the following terms:

> In *Athlone*, we noted that the term "'cause of action' cannot be precisely defined, nor can a simple test be cited for use in determining what constitutes a cause of action for res judicata purposes." *Id. (quoting Donegal Steel Foundry Co. v. Accurate Prods. Co.*, 516 F.2d 583, 588 n. 10 (3d Cir. 1975)). Rather, we look toward the "essential similarity of the underlying events giving rise to the various legal claims." *Davis v. United States Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982) (*in banc*), *cert. denied*, 460 U.S. 1014 . . . This principle is "in keeping with '[t]he present trend . . . in the direction of requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence.'" *Athlone*, 746 F.2d at 984 (*quoting* 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.410[1], at 359 (2d ed. 1983)).
>
> In conducting this inquiry, we focus upon "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Athlone*, 746 F.2d at 984. A mere difference in the theory of recovery is not dispositive. *Id.* Thus, the fact that Lubrizol relies on a new theory of "reformation" will

---

1439 (9th Cir. 1985)("The federal rule on the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata."); Smith v. SEC, 129 F.3d 356, 362 n. 7. (6th Cir. 1997) (en banc)("The fact that Smith has an appeal of that judgment [of conviction] pending does not deprive the judgment of res judicata effect."); Erebia v. Chrysler Plastics Prods. Corp., 891 F.2d 1212, 1215 n. 1 (6th Cir. 1989) ("The established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal."); C. Wright, A. Miller & E. Cooper, 18A Federal Practice and Procedure: Jurisdiction § 4427 ("it has become clear in the federal courts that res judicata ordinarily attaches to a final lower court judgment even though an appeal has been taken and remains undecided").

> not prevent preclusion. In both suits the acts complained of, the material facts alleged, and the witnesses and documentation required to prove the allegations are all the same.

Lubrizol Corp. v. Exxon Corp., 929 F.2d at 963.

Likewise here, the acts complained of against the Defendants in Hayward I, i.e., failing to retain the investigator, Barry Fox, and failing to subpoena: 1) two phone call records and 2) a witness from Microband Technology, and 3) a purchase receipt for the computer, and the acts complained of in the instant action are substantially the same, as are the material facts alleged. The only difference may be that in the complaint in Hayward I, there was no allegation that the Defendants breached a contract nor did that complaint contain ineffectiveness claims based on Batson, a sleeping juror and failure to file a suppression motion regarding evidence in Plaintiff's car. Adding such additional legal theories and claims may not, however, overcome res judicata nor be permitted to eviscerate the policy purposes that res judicata serves, especially conservation of scarce judicial resources because the factual bases for the two suits are substantially the same. See, e.g., id.; Berlitz Sch. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir. 1980)("Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes

of res judicata."); Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir. 1992)("Res judicata thus not only bars parties from relitigating the same cause of action, but also 'prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised.'")(*quoting* Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985)); McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986)(a plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in the prior action or by pleading a new legal theory."). Accordingly, because all three prongs are met and/or because Plaintiff could have raised the various additional claims of ineffectiveness as well as could have included the breach of contract theory in Hayward I, Plaintiff's current suit is barred by the doctrine of res judicata and, as such, the complaint fails to state a claim upon which relief can be granted and must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See In re Desrosiers, 212 B.R. 716, 718-719 n.1 (Bkrtcy. D.Mass. 1997) ("Transamerica based its Motion to Dismiss the Adversary Proceeding on Federal Rule of Civil Procedure 12(b)(1).... Rule 12(b)(1) relates to the lack of subject matter jurisdiction. However, as detailed below, Transamerica argues only that the causes of action raised in this adversary proceeding are barred by the doctrine of res judicata. Thus, the applicable ground for

dismissal is the Complaint's failure to state a claim upon which relief can be granted.”).

**3. Heck Bars this suit**

Alternatively, this case is barred by Heck v. Humphrey, 512 U.S. 477 (1994) which prevents a litigant from pursuing a civil rights action which has the effect of questioning the validity of a conviction, unless and until, that conviction is called into question by another means such as by a state tribunal’s or by a federal court’s grant of a habeas corpus writ. Here, Plaintiff has alleged ineffectiveness of the defendants during Plaintiff’s criminal trial in violation of his Sixth and Fifth Amendment rights. Such claims necessarily call into question his conviction. See, e.g., Jones v. Shields, 107 Fed.Appx. 725, 727 (9th Cir. 2004)(“because Jones's Sixth Amendment ineffective assistance of counsel claims against his appointed attorneys would imply the invalidity of his criminal conviction, they are not presently cognizable under *Heck*.”); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under section 1983 is precluded under *Heck*); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994) (per curiam) (dismissing, under Heck, a § 1983 claim that defendants had conspired to convict plaintiff by providing ineffective assistance of counsel in plaintiff’s criminal trial).

Plaintiff does not deny that his civil rights suit necessarily calls into question the validity of his conviction and in light of the cases just cited, he could not do so. However, he does argue that simply because he has already challenged his conviction by means of a direct appeal and Section 2255 motions, albeit unsuccessfully, Heck is rendered inapplicable. His argument appears to be that because he no longer has any means to challenge his conviction, having exhausted them all, he is free of the Heck bar. However, this court is unpersuaded. The concurring and dissenting opinions in Heck and Spencer v. Kemna, 523 U.S. 1 (1998), that Plaintiff cites to in support of his contention, are unpersuasive for several reasons, as is the quotation from Muhammad v. Close, 540 U.S. 749, 752, n.2 (2004).[7]

---

[7] The question before the Muhammad court was whether Heck required a prisoner who was challenging a prison sanction, which did not affect the duration of his sentence, to resort to habeas first before bringing a civil rights action as was held to be required by some courts under Edwards v. Balisok, 520 U.S. 641 (1997). The Muhammad court held that Heck did not require such resort to habeas where the challenge to the sanction did not affect the duration of the sentence. In addition, in a footnote, the court mentioned in passing that "[m]embers of the Court have expressed the view that unavailability of habeas for other reasons may also dispense with the Heck requirement." Muhammad, 540 U.S. 752 n.2. Contrary to Plaintiff's implication, Muhammad did not hold that the Heck requirement was dispensed with in situations where a civil rights plaintiff has exhausted his challenges to his conviction/sentence but was unsuccessful in doing so. As made clear below, Muhammad supports the exact opposite proposition, namely, Heck requires a successful challenge to the conviction/sentence before a civil rights action may be brought which calls into question the conviction/sentence.

First, Heck itself says that a plaintiff may not bring a civil rights action that necessarily impugns the plaintiff's conviction or sentence unless he has first successfully impugned that conviction or sentence by succeeding in having it "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, **or** called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck, 512 U.S. at 487 (emphasis added). Thus, there are several ways to meet Heck's requirement to have doubt cast on the conviction/sentence other than by a federal court's issuing a writ of habeas corpus. Hence, the mere unavailability of any further Section 2255 motions for Plaintiff (which is merely one of the methodologies contemplated in Heck) should not necessarily render Heck's requirement null and void so long as there was some other method available to call into question the conviction/sentence. Here, Plaintiff has not contended that there is no availability of impugning his sentence via a federal executive order of expungement/pardon.[8]

---

[8] See, e.g., Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, *2 (6th Cir. 2000)("The plaintiff bears the burden of showing that his claims are not barred by *Heck*."); Figueroa v. Rivera, 147 F.3d 77, 81 (1st Cir. 1998)(referring to "*Heck*'s core holding: that annulment of the underlying conviction is an element of a section 1983 'unconstitutional conviction' claim. See [*Heck*,] 512 U.S. at 487, 114 S.Ct. 2364. Creating an equitable exception to this tenet not only would fly in the teeth of *Heck*, but also would contravene the settled rule that a section 1983 claimant bears the burden of proving all the essential elements of her cause of action.").

Second, even if there were no methods still open to Plaintiff, such as a federal pardon, contrary to Plaintiff's reading of the cases, this court finds that Heck requires not merely that there be no extant methodology by which to challenge the conviction at the time the plaintiff-convict brings a civil rights action, but Heck actually requires a favorable termination of one of those methodologies. In other words, it is not enough that a plaintiff-convict tried to challenge his conviction via all of the methods Heck lists and failed, rather, Heck requires that the plaintiff-convict have succeeded in having his sentence invalidated before he can bring a civil rights action that necessarily calls into question his conviction, i.e., Heck requires a "favorable termination" in those proceedings brought for invalidating the conviction prior to being able to bring a civil rights suit. See, e.g., Muhammad v. Close, 540 U.S. 749, 751 (2004) ("where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must **first achieve favorable termination** of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.")(emphasis added); Williams v. Consovoy, 453 F.3d 173, 177-78 (3d Cir. 2006) ("As we recently held in *Gilles v. Davis*, 427 F.3d 197, 210 (3d Cir.2005), a § 1983 remedy is not available to a litigant to whom habeas relief is no longer available. In

*Gilles*, we concluded that *Heck*'s favorable-termination requirement had not been undermined, and, to the extent that its validity was called into question by *Spencer*, we observed that the Justices who believed § 1983 claims should be allowed to proceed where habeas relief is not available so stated in concurring and dissenting opinions in *Spencer*, not in a cohesive majority opinion.”). It is undisputed that Plaintiff has not “first achieve[d] favorable termination of his available . . . federal habeas, opportunities to challenge the underlying conviction or sentence.” Muhammad v. Close, 540 U.S. at 751. He has tried and failed but that does not meet Heck’s favorable termination requirement.[9]

For any or all of the foregoing reasons, the complaint should be dismissed pursuant to the screening provisions of the PLRA.

III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are

---

[9] Even if Heck did not apply, Plaintiff’s complaint might well be subject to dismissal based on the two year statute of limitations. Mishra v. Nolan, 187 Fed.Appx. 136 (3d Cir. 2006) (*Bivens* actions are tort actions subject to the Pennsylvania’s two-year statute of limitations). Plaintiff complains of actions taken by his lawyers before and during trial. The court takes judicial notice of the fact that the trial ended on October 15, 2004 when the jury returned verdicts of guilt. Pursuant to the prisoner mail box rule, Plaintiff did not file the instant suit until at the earliest, October 20, 2006, the date he signed his IFP application.

allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 14 December, 2006

cc: Hon. Gary L. Lancaster
United States District Judge

Frederick Banks
05711-068
FCI Butner
Post Office Box 999
Butner, NC 27509